Matter of Gebaide v McGoldrick (2020 NY Slip Op 07569)





Matter of Gebaide v McGoldrick


2020 NY Slip Op 07569


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2020-02438
 (Docket Nos. F-16137-19/19A, F-23826-07/19I)

[*1]In the Matter of Neil Gebaide, appellant,
v
Susan McGoldrick, respondent.


Neil Gebaide, Forest Hills, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Connie Gonzalez, J.), dated January 24, 2020. The order denied the father's objections to two orders of the same court (Serena Rosario, S.M.), both dated November 15, 2019, which, after a hearing, dismissed his petition to enforce a provision of the parties' stipulation of settlement, which was incorporated but not merged into a judgment of divorce dated November 5, 2003, and dismissed his separate petition alleging that the mother violated a prior order dated January 16, 2019, directing payment of health insurance premium arrears, respectively.
ORDERED that the order dated January 24, 2020, is affirmed, without costs or disbursements.
The parties were divorced in 2003, and the mother was awarded physical custody of their child, who was born in 1998. The parties entered into a stipulation of settlement dated February 20, 2003 (hereinafter the stipulation), which was incorporated but not merged into their judgment of divorce. In around 2006, custody of the parties' child was transferred to the father. By order dated May 22, 2009, the Family Court directed the mother to pay 47% of the child's unreimbursed health-related expenses. Thereafter, in an order dated January 16, 2019, the court, inter alia, granted the mother's objection to an order dated October 23, 2018, determining that she owed the father the sum of $2,061.44 for health insurance premiums, to the extent of "delet[ing] arrears for medical, dental, and optical insurance premiums from June 2007 through May 2009 totaling $1,524.08." The matter was remanded to the Support Magistrate, inter alia, for an "amended arrears order."
The father filed a petition dated August 6, 2019, seeking to enforce a provision in the stipulation governing child care expenses. In a separate petition also dated August 6, 2019, the father alleged that the mother violated the order dated January 16, 2019, by failing to pay the sum of $537.36 in health insurance premium arrears. After a hearing, the Support Magistrate issued two orders, both dated November 15, 2019, dismissing the father's respective petitions. The father filed objections to the Support Magistrate's orders. In an order dated January 24, 2020, the Family Court denied the father's objections. The father appeals.
We agree with the Family Court's determination, on the merits, denying the father's objections to the Support Magistrate's orders dated November 15, 2019. Contrary to the father's contention, there is no provision in the parties' stipulation pursuant to which the mother was obligated to pay to him the cost of child care expenses. In addition, inasmuch as the order dated [*2]January 16, 2019, did not direct the mother to pay the father the sum of $537.36 in health insurance premium arrears, the father failed to demonstrate a violation thereof.
Accordingly, we agree with the Family Court's determination denying the father's objections to the orders of the Support Magistrate dismissing his petitions.
RIVERA, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court